595 A.2d 169

**COMMONWEALTH of Pennsylvania**

v.

**Troy Anthony YINGLING, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1991.

Filed Aug. 8, 1991.

152

Eugene Orlando, Jr., Reading, for appellant.

Charles Coleman, Asst. Dist. Atty., Reading, for Com., appellee.

Before WIEAND, BECK and HUDOCK, JJ.

BECK, Judge.

In the instant case appellant Troy Yingling argues that his previous conviction for underage consumption of alcohol[1] bars a subsequent prosecution for driving under the influence of alcohol[2] on the grounds that the DUI prosecution would violate his constitutional guarantee against double jeopardy. Appellant bases his claim for relief on the recent United States Supreme Court decision in *Grady v.*

---

1. 18 Pa.C.S. § 6308 provides, in pertinent part:
   (a) Offense defined.—A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions).

2. 75 Pa.C.S. § 3731(a)(1) and (a)(4) (Purdon 1991) provide that:
   A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving; .... or
   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

*Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and this court's *en banc* opinion in *Commonwealth v. Labelle,* 397 Pa.Super. 179, 579 A.2d 1315 (1990). The trial court held that *Grady* did not require dismissal of the DUI prosecution on double jeopardy grounds. We agree and affirm.

The facts from which this appeal arises are as follows. Police officers came upon a one vehicle accident involving a pickup truck belonging to appellant. When the officers first saw the vehicle, no one was in it, but soon thereafter, the officers located appellant nearby. He appeared to be injured from the accident and intoxicated. He had a strong odor of alcohol about him and had difficulty standing and walking. He was taken to the hospital for treatment of minor injuries and at the same time a blood sample was drawn with appellant's consent to test for blood alcohol content.

The police issued a citation charging appellant, who was nineteen years old, with the consumption of alcoholic beverages in violation of 18 Pa.C.S. § 6308. A criminal complaint was also filed charging Yingling with driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1) and (a)(4). Yingling was convicted of underage consumption of alcohol at a summary trial held before the district justice and sentenced to pay fines and costs.

Prior to trial on the DUI charge, appellant petitioned the trial court to dismiss the DUI prosecution. Appellant argued that the Commonwealth is barred from proceeding with the DUI charges because to do so would violate the double jeopardy guarantee. The trial court held that appellant's prior conviction for underage drinking does not preclude the subsequent prosecution for drunk driving. After analyzing *Grady,* the trial court succinctly reasoned that "while consumption of alcohol is an essential element of driving under the influence of alcohol, and the conduct for which the Commonwealth will prove, the Commonwealth need not prove the underage consumption, merely the consumption.... [therefore] the Commonwealth would not

need to prove conduct for which defendant had been previously prosecuted and would not place the defendant again in jeopardy based on that conduct." (Trial Court opinion at 3). For the following reasons, we agree with the trial court.

The principles by which courts must interpret what constitutes prosecution for the "same offense" for purposes of the double jeopardy guarantee, have now been settled by the Supreme Court in *Grady v. Corbin, supra.* In *Grady*, the Supreme Court stressed the dangers inherent in successive prosecutions and concluded that a mere comparison of statutory elements of the charged offenses was insufficient, by itself, to protect defendants from the harassment and anxiety of multiple trials. Therefore, the Court constructed a two part inquiry to resolve the double jeopardy issue.

To determine whether a prosecution is barred by double jeopardy, the first prong of the inquiry requires the application of the *Blockburger* test.[3] *Blockburger* compares the statutory elements of the charged offenses to determine whether they are either identical or one is a lesser included offense of the other. If each statutory provision requires proof of an additional fact which the other does not, they are not the "same offense" under *Blockburger* and as such the prosecution survives the initial prong of the inquiry.

The second prong of the inquiry was established in *Grady*. Even if the offenses would pass muster under the *Blockburger* test, the *Grady* Court held that an additional requirement must be met to overcome a double jeopardy challenge. We must determine "[whether] the government, to establish an essential element of an offense charged in [a subsequent] prosecution, will prove *conduct that constitutes an offense for which the defendant has already been prosecuted." Grady v. Corbin,* —— U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564 (emphasis added).

In light of these principles, we assess appellant's double jeopardy claim. It is clear that the DUI prosecution here is

---

**3.** *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

not barred by application of *Blockburger.* Underage drinking and drunk driving each contain at least one element which the other does not and therefore survive the *Blockburger* analysis. The former offense requires proof that the accused is under twenty-one years of age, which drunk driving does not. The latter offense requires proof that the accused has operated a vehicle while under the influence of alcohol to the degree specified by the statute. Underage drinking requires neither the use of a vehicle, nor a showing of a particular degree of intoxication. The inquiry does not end here. Pursuant to *Grady,* we must also determine whether the Commonwealth must prove the conduct which constituted Yingling's underage drinking offense in order to convict him of DUI. If so, double jeopardy would bar the second prosecution.

Appellant argues that in order to establish the drunk driving charge the Commonwealth necessarily must show that he consumed alcoholic beverages. According to appellant, the consumption of alcoholic beverages was the only *conduct* involved in his previous conviction for underage drinking. He emphasizes that the fact of his age, although an essential element of the offense, was not conduct. Therefore, he reasons that the *conduct* for which he was prosecuted was the consumption alone and that because the Commonwealth must re-establish this conduct to prove DUI, *Grady* bars the subsequent prosecution. We do not agree.

In our view, appellant overlooks an indispensable aspect of the double jeopardy analysis. In order to constitute the "same offense" for double jeopardy purposes, the "conduct" used to establish an essential element of the subsequent charge, must be *conduct for which the defendant was convicted* in the first prosecution. In the instant case, the mere consumption of alcohol was not the conduct that constituted the previous offense; indeed, such conduct does not constitute an offense at all. In the first prosecution Yingling was not prosecuted for or convicted of consuming alcohol. Without the additional and key element of

being underage, the conduct upon which appellant relies would not be a crime for which appellant previously could have been in jeopardy. The status of being underage is an integral aspect of the conduct for which appellant was convicted in the previous prosecution. It cannot be severed from the offense without rendering it meaningless. Thus, while it is true that in order to establish DUI in the subsequent prosecution here, the Commonwealth must prove that appellant had to have consumed alcohol, consuming alcohol is not the conduct for which he was previously prosecuted, nor did that conduct constitute an offense for which appellant previously has been convicted. Since the Commonwealth need not in any way rely on the underage consumption of alcohol to prove DUI, double jeopardy does not bar the instant prosecution.[4]

Order affirmed.

4. In a singularly analogous case, the Court of Appeals of Wisconsin confronted the same issue. In *State v. Harris,* 161 Wis.2d 758, 469 N.W.2d 207 (App.1991), the defendant had previously pled guilty to operating a motor vehicle after revocation. Subsequently he was charged with feloniously operating a motor vehicle without the owner's consent, a charge that arose from the same incident. Relying on *Grady* and making an argument identical in reasoning to the one appellant advances here, the defendant in *Harris* argued that double jeopardy barred the second prosecution. In *Harris,* the defendant argued that his only *conduct* in the operating after revocation offense was operating a motor vehicle and that the additional element of revocation was a *status,* not conduct. Therefore, the *Harris* defendant argued, the conduct (i.e., operating the car) which formed the basis for the first prosecution would be used to prove an essential element (i.e., operating the car) in the second prosecution and therefore offended double jeopardy. The Wisconsin Court of Appeals rejected this argument. Instead it found that "operating *while revoked*" was the pertinent conduct in the first prosecution, not merely operating the vehicle. The court held, "For purposes of evaluating the quality or nature of an actor's conduct ... the actor's status is an essential component of his behavior and therefore is not to be ignored or separated." *Harris,* 469 N.W.2d at 210. Therefore, the court concluded, "Harris' conduct here was operating while revoked. That is not the conduct upon which the state relies to prove the second prosecution." *Id.* By analogy, precisely the same reasoning applies here.