608 A.2d 1093

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John T. MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1992.

Filed June 2, 1992.

Petition for Allowance of Appeal Denied Oct. 20, 1992.

228

Sally A. Frick, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before CAVANAUGH, HUDOCK and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Is appellant, John T. Mitchell's conviction violative of the constitutional proscription against double jeopardy as recently interpreted by the United States Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)?

Mitchell was observed by a police officer exiting from an overturned vehicle. After being taken to the hospital for treatment, he was discovered to have a blood alcohol level of .331. His driving status at the time was that his operator's license had been revoked. He was first prosecuted for the charge of operating a vehicle while under suspension (75 Pa.C.S.A. § 1543(a)). Found guilty, he appealed to the Common Pleas Court and was again convicted and fined at a *de novo* trial. Later, he was found guilty in Common Pleas Court of charges of driving under the influence of alcohol or controlled substance (75 Pa.C.S.A. § 3731(a)(1)). He was given a prison sentence and a fine. His appeal argues that the DUI charge should have been dismissed under double jeopardy principles.

The appropriate inquiry under the *Grady v. Corbin*, double jeopardy test was recently succinctly stated by Judge Beck writing for a panel of this court:

To determine whether a prosecution is barred by double jeopardy, the first prong of the inquiry requires the application of the *Blockburger* [*v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] test. *Blockburger* compares the statutory elements of the charged offenses to determine whether they are either identical or one is a lesser included offense of the other. If each statutory provision requires proof of an additional fact which the other does not, they are not the "same offense" under *Blockburger* and as such the prosecution survives the initial prong of the inquiry.

The second prong of the inquiry was established in *Grady*. Even if the offenses would pass muster under the *Blockburger* test, the *Grady* Court held that an additional requirement must be met to overcome a double jeopardy challenge. We must determine "[whether] the government, to establish an essential element of an offense charged in [a subsequent] prosecution, will prove *conduct that constitutes an offense for which the defendant has already been prosecuted.*" *Grady v. Corbin,* [495] U.S. at [520], 110 S.Ct. at 2093, 109 L.Ed.2d at 564 (emphasis added) [in *Yingling* ].

*Commonwealth v. Yingling*, 407 Pa.Super. 151, 595 A.2d 169, 171 (1991) (footnote omitted).

It is clear that the prosecution is not prohibited under the *Blockburger* test. Driving while under suspension and DUI obviously involve different fact ingredients so that they are not the "same offense" under *Blockburger*. Here, however, appellant argues under *Grady* that both offenses include the element of "driving" or being in physical control of a vehicle i.e., driving under suspension and DUI. We do not agree since driving may be a factor in a large number of offenses.[1] It, in itself, is not a crime and, as a factor in

1. Given the inexactitude of the second part of the *Grady* rule which has expanded double jeopardy rights, it is not surprising that this decision has result in a significant number of appeals raising *Grady* arguments. *See Commonwealth v. Labelle,* 397 Pa.Super. 179, 579 A.2d 1315 (1990), allocatur granted, 527 Pa. 623, 592 A.2d 43 (1991); *Matter of Huff,* 399 Pa.Super. 574, 582 A.2d 1093 (1990); *Common-*

successively charged offenses, is not "conduct that constitutes an offense that has already been prosecuted."

We believe this argument was well answered in *Yingling* where the court defined "conduct" under the *Grady* test:

> In our view, appellant overlooks an indispensable aspect of the double jeopardy analysis. In order to constitute the "same offense" for double jeopardy purposes, the "conduct" used to establish an essential element of the subsequent charge, must be *conduct for which the defendant was convicted* in the first prosecution. In the instant case, the mere consumption of alcohol was not the conduct that constituted the previous offense; indeed, such conduct does not constitute an offense at all. In the first prosecution Yingling was not prosecuted for or convicted of consuming alcohol. Without the additional and key element of being underage, the conduct upon which appellant relies would not be a crime for which appellant previously could have been in jeopardy. The status of being underage is an integral aspect of the conduct for which appellant was convicted in the previous prosecution. It cannot be severed from the offense without rendering it meaningless.

*Yingling,* 407 Pa.Super. 151, 595 A.2d 169, 171 (1991) (emphasis in original).

Here, of course, the first offense included conduct which involved driving while under suspension, and proof of this offense is not an element of proof in the charge of driving under the influence of alcohol which has nothing to do with appellant's status as a currently licensed operator of a motor vehicle.

wealth v. *Yingling,* 407 Pa.Super. 151, 595 A.2d 169 (1991); *Commonwealth v. Kline,* 405 Pa.Super. 412, 592 A.2d 730 (1991); *Commonwealth v. Adams,* 406 Pa.Super. 493, 594 A.2d 727 (1991); *Commonwealth v. Butt,* 406 Pa.Super. 526, 594 A.2d 743 (1991). In the Supreme Court *Grady* was decided by a bare majority in an opinion written by Justice Brennan. Justice O'Connor filed a dissenting opinion and Justice Scalia also wrote a dissent in which Chief Justice Rehnquist and Justice Kennedy joined.

Appellant's having failed to establish that his rights under the double jeopardy clause of the constitution were in any way violated, we affirm the judgment of sentence.

Judgment of sentence affirmed.