626 A.2d 178

COMMONWEALTH of Pennsylvania

v.

John SMITH and Anthony Tolbert, Appellants.

Superior Court of Pennsylvania.

Argued April 1, 1993.

Filed June 11, 1993.

John R. Sobota, Wilkes–Barre, for appellants.

Scott Gartley, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

TAMILIA, Judge:

Appellants, John Smith and Anthony Tolbert, take this appeal from the Order of May 13, 1992 denying their post-

verdict motion to dismiss the charge of third degree murder on double jeopardy and collateral estoppel grounds. Appellants were charged with criminal homicide,[1] kidnapping[2] and conspiracy,[3] as a result of the beating death of Hector Maldanado. After three days of deliberations, the jury acquitted appellants of first degree murder, second decree murder, voluntary manslaughter, kidnapping and conspiracy. The jury deadlocked on the charge of third degree murder.

 On appeal, appellants first argue retrial on a charge of third degree murder is barred by the double jeopardy clauses of the United States[4] and Pennsylvania Constitutions.[5] In this regard, appellants claim the Commonwealth's prosecution is barred by the United States Supreme Court's recent decision in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Recently, this Court has analyzed the double jeopardy test set forth in *Grady* and has stated:

> To determine whether a prosecution is barred by double jeopardy, the first prong of the inquiry requires the application of the *Blockburger [v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] test. *Blockburger* compares the statutory elements of the charged offenses to determine whether they are either identical or one is a lesser included offense of the other. If each statutory provision requires proof of an additional fact which the other does not, they are not the "same offense" under *Blockburger* and as such the prosecution survives the initial prong of the inquiry.

1. 18 Pa.C.S. § 2501.

2. *Id.*, § 2901(a)(3).

3. *Id.*, § 903(a)(1).

4. U.S.C.A. Const.Amend. V.

5. Pa. Const. art. I, § 10.

The second prong of the inquiry was established in *Grady*. Even if the offenses would pass muster under the *Blockburger* test, the *Grady* Court held that an additional requirement must be met to overcome a double jeopardy challenge. We must determine "[whether] the government, to establish an essential element of an offense charged in [a subsequent] prosecution, will prove *conduct that constitutes an offense for which the defendant has already been prosecuted*." *Grady v. Corbin*, [495] U.S. at [520], 110 S.Ct. at 2093, 109 L.Ed.2d at 564 (emphasis added) [in *Yingling*].

*Commonwealth v. Yingling*, 407 Pa.Super. 151, 595 A.2d 169, 171 (1991) (footnote omitted).

*Commonwealth v. Mitchell*, 415 Pa.Super. 227, 229, 608 A.2d 1093, 1094 (1992). "This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Grady, supra*, 495 U.S. 508 at 522, 110 S.Ct. at 2084, 109 L.Ed.2d at 564.

■ Applying the first prong of our double jeopardy analysis, the *Blockburger* test, we must determine the relationship of the charge of third degree murder to the other various degrees of murder. In *Commonwealth v. Kemmerer*, 526 Pa. 160, 584 A.2d 940 (1991), our Supreme Court recently found that "while homicide offenses may be *lesser included* offenses, their elements differ such that they cannot be deemed *necessarily included*." *Id.* at 168, 584 A.2d at 944 (emphasis in original).[6]

As previously stated, the central element of all homicides is the killing of another human being. See 18 Pa.C.S. § 2501. Beyond that similarity, the degrees of homicide

6. In *Commonwealth v. Kemmerer*, 526 Pa. 160, 584 A.2d 940 (1991), the defendant was charged with criminal homicide, robbery and theft and was found not guilty of first degree murder and involuntary manslaughter. The jury was deadlocked on the charges of second degree murder, third degree murder and voluntary manslaughter. The defendant based his argument that the Commonwealth was barred from reprosecuting on Pa.R.Crim.P. 1120, Verdicts, section (d), rather than on double

differ from one another and from the types of manslaughter in quality, not just in degree, so that they cannot be said to be necessarily included in one another. The offenses of second-degree murder, third-degree murder, and voluntary manslaughter each require proof of a fact which need not be proven for the charges of first-degree murder or involuntary manslaughter, and vice versa. First degree murder, 18 Pa.C.S. § 2502(a), requires a finding of intent not necessary to establish second-degree murder, 18 Pa.C.S. § 2502(b), which is committed in the perpetration of a felony. Third degree murder includes "all other kinds of murder" and by its very definition excludes first and second-degree murder and both manslaughters, because it, like all murders, requires a finding of malice aforethought. Voluntary manslaughter, 18 Pa.C.S. 2503, requires proof of a sudden and intense passion resulting from serious provocation, or unreasonable belief that the killing is justified. Involuntary manslaughter, 18 Pa.C.S. § 2504, occurs when death results from the doing of a lawful or unlawful act in a reckless or grossly negligent manner. This recklessness or grossly negligent conduct distinguishes involuntary manslaughter from all other classifications of homicide because it negates the malice required for all the degrees of murder. None of these offenses must be proven to establish any of the others; in fact, each offense excludes any of the others from its definition.

*Id.* at 168–169, 584 A.2d at 944–945 (citations omitted).

▆▆ In this case, then, it is clear the Commonwealth has satisfied the requirements of *Blockburger* and we turn to the second prong of our double jeopardy inquiry, the *Grady* prohibition against the Commonwealth, proving conduct that constitutes an offense for which appellants have already been prosecuted, to establish an essential element of an offense

jeopardy grounds, so the Supreme Court's decision is not based on *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

charged in a subsequent prosecution. We agree with the trial court that the second prong is satisfied because the Commonwealth here seeks to reprosecute after a hung jury rather than after an acquittal or a conviction on the charge of third degree murder. "When *Grady* addresses the issue of a defendant having already been prosecuted, it must be read and interpreted in the context of a defendant being either acquitted or convicted." (Slip Op., Cappellini, J., 5/13/92, p. 7.) Therefore, this claim is without merit.

Appellants' second claim is that reprosecution on the charge of third degree murder is barred by the doctrine of collateral estoppel. This claim is also without merit.

▆▆▆ "The doctrine of collateral estoppel prevents relitigation between parties of an issue where that issue has been previously decided by a competent legal forum. The doctrine is applicable to criminal prosecutions as well as to civil matters." *Commonwealth v. Wallace,* 411 Pa.Super. 576, 581, 602 A.2d 345, 348 (1992). The doctrine, "which is part of the concept of double jeopardy, requires that where an ultimate fact has been necessarily established *in favor of a defendant* in a former prosecution, the issue may not be re-litigated in any subsequent proceeding against the defendant." *Commonwealth v. Wharton,* 406 Pa.Super. 430, 432, 594 A.2d 696, 697 (1991) (emphasis in original) (citations omitted). As a general rule, however, reprosecution is not barred by principles of double jeopardy or collateral estoppel after a jury has been discharged because of an inability to reach a verdict. *Commonwealth v. Hickson,* 402 Pa.Super. 53, 586 A.2d 393 (1990).

In *Commonwealth v. Harris,* 400 Pa.Super. 12, 582 A.2d 1319 (1990), we discussed the doctrine of collateral estoppel in criminal prosecutions as codified in Pennsylvania in the Crimes Code at 18 Pa.C.S. §§ 109–110:

This section of the Crimes Code "applies only to successive prosecutions, not to the distinct problem of retrial following a deadlocked jury." Section 110 "applies only where the prosecution is attempting to bring charges to trial on a new offense which follows a previous trial for the same conduct."

It was designed to limit successive prosecutions where all charges arising out of the same criminal transaction could have been brought in a single prosecution. Instantly, the Commonwealth complied with Section 110 by bringing all charges against appellant in a single proceeding. A retrial ... because of a deadlocked jury, therefore, is not precluded.

*Id.* at 23–25, 582 A.2d at 1325 (citations omitted).

We find reprosecution of appellants on the charge of third degree murder, where the jury deadlocked on this charge in the original prosecution, is not barred by double jeopardy, collateral estoppel or any provision of the Crimes Code.

Order affirmed.