664 A.2d 1355

COMMONWEALTH of Pennsylvania,

v.

Antoine BREELAND, Appellant (at 16)

COMMONWEALTH of Pennsylvania,

v.

Robert L. COLEMAN, Jr., Appellant (at 27)

COMMONWEALTH of Pennsylvania,

v.

Brian L. FREEMAN, Appellant (at 111)

Superior Court of Pennsylvania.

Argued April 6, 1995.

Filed Aug. 3, 1995.

Reargument Denied Oct. 13, 1995.

Richard K. Renn, York, for Antoine Breeland, appellant.

Eugene R. Campbell, York, for Robert L. Coleman, Jr., appellant.

Daniel M. Pell, York, for Brian L. Freeman, appellant.

Christy H. Fawcett, Asst. Dist. Atty., York, for Com., appellee.

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

CAVANAUGH, Judge:

■ On April 19, 1994, appellants Antoine Breeland, Robert L. Coleman, Jr. and Brian L. Freeman were charged, by federal indictment, with distribution of crack cocaine and conspiracy to distribute crack cocaine. Also on April 19, 1994, York City Police charged appellants with criminal homicide, aggravated assault, robbery, and criminal conspiracy to commit these three offenses. The state charges arose out of a drug-related shooting incident in which one man was killed and another was seriously wounded. The case on the federal charges proceeded to trial and appellants Coleman and Freeman were found guilty on both counts; while appellant Breeland was found guilty of the distribution charge but acquitted of the conspiracy charge. Appellants all subsequently filed pretrial motions alleging that the state prosecution was barred by virtue of the federal trial, under principles of double jeopardy and/or collateral estoppel. The trial court rejected appellants' arguments and denied relief. These consolidated appeals followed. After careful review, we affirm.[1]

Appellants first contend that the federal verdict bars the trial of the related state offenses under principles of double jeopardy, because the same underlying facts and conduct are necessary to prove both the federal and state offenses. More

1. The Commonwealth has filed a motion to quash this appeal, in accordance with *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986), on the ground that appellants' claim is frivolous. "Pretrial orders denying double jeopardy claims are final orders for purposes of appeal." *Commonwealth v. Haefner*, 473 Pa. 154, 156, 373 A.2d 1094, 1095 (1977). Under *Brady*, however, an appeal from a motion to dismiss on double jeopardy grounds will be quashed where the trial court has considered the motion and made a written finding that the motion is frivolous. *Brady* at 346, 508 A.2d at 291. Absent such a finding, the appeal will be heard. *Id.* Here, the trial court, although it denied relief on the double jeopardy issue, has not made a written finding that the double jeopardy issue is frivolous. Therefore, we will entertain the appeal, and the motion to quash is denied.

specifically, appellants' assert that because the prosecution in the federal case, introduced evidence of the drug-related shooting in order to prove the conspiracy to distribute charge, the state prosecution is barred by the double jeopardy clause, because it will be necessary to prove conduct (the drug-related shooting incident) for which appellants have already been prosecuted.

Before addressing the merits of this issue, we must first determine the scope of our double jeopardy inquiry. Appellants contend that the proper inquiry was established by the United States Supreme Court in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and adopted by this Court for purposes of state double jeopardy analysis in *Commonwealth v. Labelle,* 397 Pa.Super. 179, 579 A.2d 1315 (1990) (en banc), *rev'd. on other grounds,* 531 Pa. 256, 612 A.2d 418 (1990).[2] This Court has analyzed the *Grady* double jeopardy test and stated:

To determine whether a prosecution is barred by double jeopardy, the first prong of the inquiry requires the application of the *Blockburger* [*v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] test. *Blockburger* compares the statutory elements of the charged offenses to determine whether they are either identical or one is a lesser included offense of the other. If each statutory provision requires proof of an additional fact which the other does not, they are not the "same offense" under *Blockburger* and as such the prosecution survives the initial prong of the inquiry.

The second prong of the inquiry was established in *Grady.* Even if the offenses would pass muster under the

2. We note that the *Grady* test was not adopted by this Court in *Labelle,* in the sense that we *chose* to follow the Supreme Court's decision. Decisions of the United States Supreme Court interpreting federal constitutional provisions, provide the minimum degree of constitutional protection which must be afforded a criminal defendant, and are equally applicable to analogous state constitutional provisions. *Commonwealth v. Edmunds,* 526 Pa. 374, 388, 586 A.2d 887, 894 (1991). Thus, the *Grady* test was a constitutional mandate, and this Court could not simply accept or reject that test as we saw fit. We recognized this fact in *Labelle.* Appellants misstate our double jeopardy analysis in that case when they represent that we simply adopted the *Grady* test.

*Blockburger* test, the *Grady* Court held that an additional requirement must be met to overcome a double jeopardy challenge. We must determine "[whether] the government, to establish an essential element of an offense charged in [a subsequent] prosecution, will prove **conduct that constitutes an offense for which the defendant has already been prosecuted.**" *Grady v. Corbin,* [495] U.S. at [520], 110 S.Ct. at 2093, 109 L.Ed.2d at 564 (emphasis added) [in *Yingling* ].

*Commonwealth v. Yingling,* 407 Pa.Super. 151, 595 A.2d 169, 171 (1991) (footnote omitted).

*Commonwealth v. Smith,* 426 Pa.Super. 31, 33–34, 626 A.2d 178, 179–80 (1993), *quoting, Commonwealth v. Mitchell,* 415 Pa.Super. 227, 229, 608 A.2d 1093, 1094 (1992).

The Commonwealth counters that the United States Supreme Court specifically overruled the second or "same conduct" prong of the *Grady* test in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Thus, the Commonwealth maintains that a double jeopardy analysis requires only an application of the *Blockburger* "same elements" test.

Appellants, nonetheless, contend that the *Grady* "same conduct" test is applicable in the present case because: (1) the Court's decision in *Dixon* has only a limited application and only nominally overruled *Grady;* (2) the double jeopardy clause of the Pennsylvania Constitution affords greater protections to an accused than the Federal Constitution; and (3) the "same conduct" test has been the law of this Commonwealth since our Supreme Court's decision in *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).

■ After reviewing the applicable federal and Pennsylvania caselaw, we agree with the Commonwealth that the *Blockburger* "same elements" test, which was reespoused in *Dixon* as the only inquiry necessary under a federal double jeopardy analysis, is likewise the only inquiry necessary when performing a double jeopardy analysis in Pennsylvania. From a review of the U.S. Supreme Court's decision in *Dixon,* it is

abundantly clear that the Court specifically and emphatically overruled *Grady,* and rejected the "same conduct" test as wholly inconsistent with both earlier Supreme Court precedent and the clear common law understanding of double jeopardy. *Dixon,* 509 U.S. at ———, 113 S.Ct. at 2860, 125 L.Ed.2d at 573. The Court also noted that the "same conduct" test espoused in *Grady* had proved to be unstable in application and a continuing source of confusion, and must be overruled. *Id.* at ——— – ———, 113 S.Ct. at 2863–64, 125 L.Ed.2d at 576–77.

We also note that our supreme court has recently addressed, in *Commonwealth v. Caufman,* 541 Pa. 299, 662 A.2d 1050 (1995) (70 W.D.App.Dkt.1993, filed July 20, 1995), the applicability of the *Grady* "same conduct" test when performing a double jeopardy analysis. In *Caufman,* the court recognized that *Grady* had been expressly overruled by the United States Supreme Court in *Dixon,* that the "same conduct" test had been rejected, and that the *Blockburger* "same elements" test was once again the sole inquiry when performing a double jeopardy analysis. *Caufman* at 301, 662 A.2d at 1051. Our supreme court then addressed the merits of the case, applying only the "same elements" test. Thus, the court's recent pronouncement undercuts appellants' contention that the *Grady* "same conduct" test remains viable in this Commonwealth.

■■■■ With respect to appellants' contention that the Pennsylvania Constitution provides greater double jeopardy protection than the Federal Constitution, we likewise find no merit. Appellants neither proffer, nor are we aware, of any caselaw which establishes a higher standard in Pennsylvania, where, as here, there are successive prosecutions in different jurisdictions. Moreover, the double jeopardy provision of the Pennsylvania Constitution is essentially identical to that found in the United States Constitution; and Pennsylvania courts have not given its citizens broader double jeopardy protection than that provided by the United States Supreme Court interpreting the United States Constitution. *Commonwealth v. Rosario,* 418 Pa.Super. 196, 202, 613 A.2d 1244, 1247 (1992), *appeal*

*granted,* 535 Pa. 646, 633 A.2d 151 (1993); *Commonwealth v. Marconi,* 340 Pa.Super. 463, 472 n. 8, 490 A.2d 871, 876 n. 8 (1985).[3]

We also reject appellants' argument that the "same conduct" test has long been the law of this Commonwealth and cannot be overruled except by Pennsylvania courts. We first note that the decision in *Bolden* was a nonmajority decision and thus is not binding. *See Commonwealth v. Mignogna,* 401 Pa.Super. 188, 585 A.2d 1 (1990) (nonmajority decisions of the supreme court are not binding).

We also further conclude that *Bolden* simply does not support appellants' position. Appellants rely on the language in *Bolden,* that the double jeopardy clause protects against a person being harassed "by successive prosecutions for a single wrongful act." *Bolden, supra* at 618, 373 A.2d at 97. After reviewing the language cited by appellants and the court's holding in *Bolden,* we find no support for the proposition that Pennsylvania has historically applied a "same conduct" test when conducting a double jeopardy analysis. The court in *Bolden* held that "if a mistrial is ordered on defendant's motion due to intentional or grossly negligent misconduct on the part of the prosecutor or the judge, reprosecution is barred by the double jeopardy clause." *Id.* at 641, 373 A.2d at

**3.** We note that where a party contends that a provision of the Pennsylvania Constitution provides greater protection than a corresponding provision of the United States Constitution, the party must brief and analyze at least the following four factors:
 1) the text of the Pennsylvania constitutional provision;
 2) the history of the provision, including Pennsylvania caselaw;
 3) related caselaw from other states;
 4) policy considerations, including unique issues of state and local concern, and their applicability within modern Pennsylvania jurisprudence.
*Edmunds, supra* at 390, 586 A.2d at 895. Here, appellants have failed to brief or analyze these factors. Where an appellant has not complied with the requirements of *Edmunds,* and has made no attempt to explain how the protections afforded by the Pennsylvania Constitution differ from the protection afforded by the United States Constitution, this Court has declined to consider a state analysis. *Commonwealth v. Toro,* 432 Pa.Super. 383, 638 A.2d 991 (1994); *Commonwealth v. Lucas,* 424 Pa.Super. 173, 622 A.2d 325 (1993). Thus, we find that appellants have waived this argument and we will not consider its merits.

109. This holding has no relevance to the existence or formulation of a "same conduct" test in Pennsylvania. With respect to the specific language relied upon by appellants, that successive prosecutions for a single wrongful act are prohibited, we reject any attempt to read into such general language the requirement of a "same conduct" test for double jeopardy purposes.

Moreover, our review of Pennsylvania caselaw dealing with double jeopardy issues reveals that our courts applied the *Blockburger* "same elements" test exclusively up until the time the U.S. Supreme Court handed down its decision in *Grady*. *See Commonwealth v. Britcher*, 386 Pa.Super. 515, 563 A.2d 502 (1989), *aff'd*, 527 Pa. 411, 592 A.2d 686 (1991) (court's double jeopardy analysis limited to application of *Blockburger* "same elements" test); *Commonwealth v. Swavely*, 382 Pa.Super. 59, 554 A.2d 946 (1989) (court applied "same elements" test); *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985) (court applied *Blockburger* test); *Commonwealth v. Maddox*, 307 Pa.Super. 524, 453 A.2d 1010 (1982) ("same elements" test applied by court). Only after *Grady* did our courts follow the Supreme Court's constitutional mandate to also conduct a second or "same conduct" test when performing a double jeopardy analysis. *See Smith, supra* (court applied two pronged double jeopardy analysis enunciated in *Grady*); *Commonwealth v. Perillo*, 426 Pa.Super. 1, 626 A.2d 163 (1993) (court applied two pronged *Grady* test); *Commonwealth v. Yingling*, 407 Pa.Super. 151, 595 A.2d 169 (1991) (*Grady* two pronged double jeopardy analysis applied by court).

Finally, we point out that it is not necessary for Pennsylvania courts to specifically overrule the "same conduct" test. *See Caufman, supra.* Appellants seem to assert that Pennsylvania's acknowledgment of the U.S. Supreme Court's mandate to apply the *Grady* "same conduct" test, created an independent state requirement that this test be performed when conducting a double jeopardy analysis under the Pennsylvania Constitution. The double jeopardy clause of the Fifth Amendment of the United States Constitution (along

with U.S. Supreme Court decisions interpreting it) is applicable to the states through the Fourteenth Amendment. *Rosario, supra,* at 200, 613 A.2d at 1246. Acknowledgment of a United States Supreme Court precedent applicable to a double jeopardy analysis does not constitute an adoption of that decision for purposes of Pennsylvania Constitutional analysis. Pennsylvania courts have never held that a "same conduct" test is required under the Pennsylvania Constitution's double jeopardy clause. *See Edmunds, supra* (each state may provide broader standards and go beyond the minimum protections established by the United States Constitution). Our courts have only applied the "same conduct" test because the United States Constitution required us to do so. Thus, the Pennsylvania Constitution can be said to require a "same conduct" test only insofar as such is required by the United States Constitution. When the U.S. Supreme Court overruled *Grady* and rejected the "same conduct" test, there no longer existed a legal or constitutional basis for applying a "same conduct" analysis. The double jeopardy protections of the Pennsylvania and United States Constitutions being coextensive, Pennsylvania is only bound to follow the minimal level of double jeopardy protection currently required by the United States Constitution—the *Blockburger* "same elements" test. *See Caufman, supra.*

 We now turn to the facts of the present case. Appellants do not contend that any of the offenses in the state and federal prosecutions are identical or that they fall into the category of lesser included offenses. Appellants' argument focused entirely on the "same conduct" prong. We view their failure to brief and argue this issue as an implicit concession that *Blockburger* does not bar the state prosecution. In any event, after review of the statutory definitions of each of the charges in both jurisdictions, we conclude that each charged offense requires proof of an additional fact which the charges in the other jurisdiction do not. As such, the state prosecution is not barred by *Blockburger.*[4]

4. Even if we were required to apply the "same conduct" test as part of a double jeopardy analysis, we would conclude that the conduct at issue

Appellants next contend that the state prosecution is barred by § 111 of the Crimes Code. That section provides as follows:

### § 111. When prosecution barred by former prosecution in another jurisdiction.

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

in the state prosecution, was not the same conduct for which appellants had already been prosecuted in federal court. In applying the "same conduct" test, the U.S. Supreme Court cautioned that, "[It] is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Smith, supra, quoting, Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Thus, for purposes of a "same conduct" inquiry, it is simply not relevant that the prosecution in the federal trial, proffered evidence of the drug-related shooting incidents to prove the federal charges. The specific conduct at issue in the federal trial was the distribution of drugs and the conspiracy to distribute drugs by appellants. In the state prosecution, the specific conduct at issue was the murder, assault and robbery (and conspiracy to commit these offenses) in which the appellants were involved. Although the appellants' drug operation was peripherally related to the state charges, that conduct was not directly at issue in the state prosecution. Moreover, the conduct which was the focus of the state prosecution, (murder, assault, and robbery) was not conduct for which appellants had previously been prosecuted. Therefore, even were the "same conduct" test still applicable in this Commonwealth, the double jeopardy clause would not bar the subsequent state prosecution.

(ii) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

18 Pa.C.S.A. § 111. In determining whether § 111 is applicable in a given case, the following inquiries are relevant:

(1) Is the prosecution the Commonwealth proposes to undertake based on the same conduct for which the individual was prosecuted by the other jurisdiction?

(2) Do each of the prosecutions require proof of a fact not required by the other?

(3) Is the law defining the state offense designed to prevent a substantially different harm or evil than the law defining the other jurisdiction's offense?

*Commonwealth v. Scarfo,* 416 Pa.Super. 329, 359, 611 A.2d 242, 256 (1992) (citations omitted). It is not necessary, however, to make each of these inquiries in every § 111 analysis. This Court has stated:

If we conclude that the subsequent prosecution is **not** based on the same conduct as the federal prosecution, then our analysis is concluded since the statute makes clear that in such situation subsequent prosecution by the Commonwealth is not barred. If, however, we conclude the subsequent prosecution by the Commonwealth "is based on the same conduct" for which appellant was prosecuted by the federal government, the prosecution can proceed only if **both** of the following conditions exist: (1) each of the prosecutions requires proof of a fact not required of the other; and (2) the statute upon which the Commonwealth

prosecution is based is intended to prevent substantially different harm than is the federal statute ... It would seem that an affirmative answer to the initial inquiry lowers the bar to the subsequent prosecution and that only an affirmative response to both of the remaining inquiries can lift the bar.

*Id.* at 359–360, 611 A.2d at 257, *quoting Commonwealth v. Abbott,* 319 Pa.Super. 479, 488–89, 466 A.2d 644, 649 (1983).

We begin our § 111 analysis with an examination of the first inquiry: whether the two prosecutions are based upon the same conduct. In *Commonwealth v. Mascaro,* we defined "the same conduct" to encompass "any and all criminal behavior committed in support of a 'common and continuing scheme.'" *Id.,* 260 Pa.Super. 420, 427, 394 A.2d 998, 1001 (1978). Clearly, different conduct is at issue between the federal charge of distribution of drugs, and the state charges of homicide, aggravated assault and robbery. A more difficult question is posed as to whether different conduct is at issue with respect to the state conspiracy charges (conspiracy to commit homicide, aggravated assault, and robbery), and the federal conspiracy charge (conspiracy to distribute drugs), where the evidence related to the homicide, assault, and robbery is introduced in an attempt to prove the federal conspiracy.

"The evil against which *conspiracy* statutes are directed is the illegal agreement or combination for criminal purposes. Separate underlying predicate acts are merely circumstantial proof of the agreement." *Commonwealth v. Savage,* 388 Pa.Super. 561, 586, 566 A.2d 272, 284 (1989) (emphasis in original). Thus, in any conspiracy charge, it will be alleged that an illegal agreement to engage in criminal activity has occurred. For purposes of a "same conduct" analysis, it is the ultimate object or purpose of that illegal agreement which will be the conduct at issue, and which may not be the same in a subsequent prosecution. The significant conduct, therefore, lies not in the predicate acts which support or establish the existence of a conspiracy, but with the actual criminal purpose

(or criminal offense) which is promoted or intended to be furthered by the conspiracy.

■■■ We find support for such an analysis in *Commonwealth v. Traitz*, 528 Pa. 305, 597 A.2d 1129 (1991). There, our Supreme Court considered whether a prosecution for violations of the Pennsylvania Corrupt Organizations Act was barred by a prior federal prosecution for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). In examining whether the "same conduct" was at issue in both prosecutions, the Court reviewed both statutes and then stated:

> It is the course of illegal conduct, not the underlying individual criminal acts, that are the focus of the two statutes. The conduct to be examined, therefore, is the conduct of an individual evincing a pattern of racketeering activity. The significance lies not with the individual offenses culminating in the pattern of racketeering activity, but in the scheme that is promoted by the pattern of racketeering activity.

*Id.* at 313, 597 A.2d at 1133. We believe that the same analytical framework is applicable here, as the focus of the conspiracy statute is the illegal agreement to accomplish a specific purpose, and not the underlying individual criminal acts. Thus, when reviewing a § 111 claim involving conspiracy charges, a "common and continuing scheme" will only be found where the goal or purpose of each conspiracy is the same in both jurisdictions.

■■■ Here, in the federal prosecution, the purpose of the conspiracy was clearly the distribution of illegal drugs; and the relevant conduct was appellants' acts involved in the actual drug distribution. In the state prosecution, on the other hand, the purpose of the conspiracy was to kill, assault and/or rob two specific individuals; and the relevant conduct was the planning and execution of this plot against these two rival drug dealers. The distribution of drugs by appellants' was only peripherally implicated in the state prosecution and was not the ultimate purpose or goal of that conspiracy. As such,

we conclude that the subsequent state prosecution was based upon conduct which was different from that in the prior federal trial. Appellants' argument is without merit, and § 111 does not bar the state prosecution.[5]

 In the final issue, appellant Breeland asserts that the state prosecution is barred by the doctrine of collateral estoppel.

"The doctrine of collateral estoppel prevents relitigation between parties of an issue where that issue has been previously decided by a competent legal forum. The doctrine is applicable to criminal prosecutions as well as to civil matters." *Commonwealth v. Wallace,* 411 Pa.Super. 576, 581, 602 A.2d 345, 348 (1992). The doctrine, "which is part of the concept of double jeopardy, requires that where an ultimate fact has been necessarily established in favor of a defendant in a former prosecution, the issue may not be relitigated in any subsequent proceeding against the defendant." *Commonwealth v. Wharton,* 406 Pa.Super. 430, 432, 594 A.2d 696, 697 (1991) (emphasis in original) (citations omitted).

*Smith, supra* at 36, 626 A.2d at 181. In determining whether collateral estoppel applies from a general verdict of acquittal, the United States Supreme Court has stated:

Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding,

**5.** Although it is not necessary to review the remaining § 111 inquiries, we will briefly address both questions. First, the offenses in each prosecution required proof of a fact not required in the other. We have already so determined in our resolution of appellants' double jeopardy claim *supra.* With respect to the final inquiry, we find that the laws defining the offenses in each prosecution address substantially different harms or evils. *Compare Commonwealth v. Wetton,* 537 Pa. 100, 641 A.2d 574 (1994) (federal drug charges are designed to further the governmental interest in eliminating the pervasive drug trafficking network in our society) *with Scarfo, supra* (state charges stemming from violent acts directed against an individual, such as murder, are designed to deter physical invasions against individual citizens and protect the public safety). Thus, even if it were necessary to reach these two inquiries, we would conclude that there is no merit to the contention that the state prosecution is barred by § 111.

taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings."

*Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475–6 (1970); *see also Commonwealth v. Schomaker,* 501 Pa. 404, 461 A.2d 1220 (1983).

Appellant Breeland contends that because the jury acquitted him of the federal conspiracy charge, it necessarily concluded that he was not involved and/or not guilty of the homicide/assault/robbery charges, which had been introduced as proof of the conspiracy. As such, Breeland maintains that collateral estoppel bars his subsequent prosecution on these charges in state court.[6]

After reviewing the record of the federal trial, we conclude that collateral estoppel does not bar the subsequent state prosecution. Breeland was acquitted of the federal conspiracy charge. The jury, however, could have based its verdict on a finding that there was simply no agreement between appellant and his alleged co-conspirators. If the jury did, in fact, so conclude, it would not have been necessary for it to make any determinations, with regard to any of the underlying evidence which was offered to prove the conspiracy charge. As such, this final argument lacks merit.

We have reviewed and found meritless the arguments raised by appellants. The offenses charged by the Commonwealth in the subsequent state prosecution (homicide, aggravated assault, robbery, and conspiracy to commit these three offenses) are not barred by double jeopardy, § 111 of the Crimes Code, or collateral estoppel. We, therefore, affirm the lower court's

6. Appellants Freeman and Coleman have not raised collateral estoppel as an issue in this appeal. Unlike Breeland, they were both convicted of each charge they faced in federal court. Thus, they cannot now contend that there was an ultimate fact which was established in their favor in the former prosecution.

order which denied appellants' pretrial motion to dismiss the state charges on these grounds.

Order affirmed.

McEWEN, J. concurs in the result.

DEL SOLE, J. files a Concurring Statement.

DEL SOLE, Judge, concurring:

I join the decision of the Majority but wish to reiterate that, for the reasons expressed in footnote 3 at page 6, we are making no determination on the issue of double jeopardy pursuant to our state's Constitution.