686 A.2d 408

COMMONWEALTH of Pennsylvania, Appellee,

v.

Walter Peter MATTIS, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1996.

Filed Dec. 5, 1996.

Ronald A. Turo, Carlisle, for Appellant.

Jaime M. Keating, Assistant District Attorney, Carlisle, for Com., Appellee.

Before McEWEN, President Judge, and SCHILLER and BROSKY, JJ.

SCHILLER, Judge.

Appellant, Walter Peter Mattis, appeals from the denial of his motion to dismiss the criminal charges pending against him for driving under the influence of alcohol.[1] We affirm. FACTS:

On November 26, 1994, appellant was arrested for driving under the influence, 75 Pa.C.S. 3731(a)(1).[2] The arresting officer took appellant into custody and proceeded to a local hospital for a blood test to determine his blood alcohol content. En route, the officer explained Pennsylvania's Implied Consent Law[3] and the consequences of a test refusal. Because personnel at this hospital were unable to perform the test, the officer requested that appellant go to another hospital for testing. Appellant refused. The officer then proceeded to the station for processing where he again gave appellant informa-

---

1. 75 Pa.C.S. § 3731(a)(1).

2. At the time of the arrest, the officer noted a strong odor of alcohol about appellant, that he staggered when he walked and slurred his speech.

3. 75 Pa.C.S. § 1547(b).

tion on the Implied Consent Law. The appellant continued to refuse testing.

On November 28, 1994, the officer filed a complaint charging appellant with one count of driving under the influence, 75 Pa.C.S. 3731(a)($l$ ). He also filed a notice with the Pennsylvania Department of Transportation (PennDOT) indicating that appellant had refused to take a blood or breath test. A preliminary hearing on the driving under the influence charge was held on December 19, 1994. Subsequently, pursuant to 75 Pa.C.S. § 1547(b), appellant received notice from PennDOT that his driving privileges had been suspended for a year.

On January 26, 1995, the appellant, acting *pro se,* filed an appeal of his license suspension to the Court of Common Pleas and requested a hearing. In March 1995, appellant was arraigned before the Court of Common Pleas on the drunk driving charge. On April 12, 1995, the hearing on the license suspension was held. The court denied the appeal and reinstated the license suspension.

On July 11, 1995, appellant filed a motion to dismiss the criminal charge of driving under the influence on the grounds that, following the civil litigation and license suspension by PennDot, further prosecution violated the double jeopardy provisions of the Pennsylvania and United States Constitutions. On October 26, 1995, based on a stipulated record, the trial court denied the motion to dismiss. This appeal followed.[4]

DISCUSSION:

Appellant raises only one issue for our review: [5]

Whether appellant may be tried on the offense of driving under the influence when the appellant has previously been punished for the same offense following a suspension of his privilege to drive a motor vehicle following a refusal to

**4.** This appeal, although technically interlocutory, was permissible pursuant to *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986).

**5.** On appeal, no issues related to the compulsory joinder provisions of the Crimes Code (18 Pa.C.S. 109–112) have been raised; they are, therefore, waived.

submit to a breath or blood alcohol test under the implied consent law.

Appellant argues that he has already been punished for allegedly driving under the influence, and may not be prosecuted again for the same offense under the Double Jeopardy Clauses of either the Pennsylvania or the United States Constitution. Specifically, he claims that because he has already been sanctioned by a one-year suspension of his driver's license in a separate civil proceeding, no further punishment can be imposed. The crux of his argument is that suspension of his driver's license constituted punishment, not remedial action, and served no legitimate purpose other than punishment.

The Commonwealth counters that to determine whether a subsequent prosecution is barred by double jeopardy, the court must *first* assess whether the second prosecution involves the *same offense*. Only if, under the "same elements" test, the court finds that each implicated statutory provision is the "same offense" will double jeopardy bar the second prosecution.

An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).

Under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, applicable to the States through the Fourteenth Amendment, no person "shall ... be subject for the same offense to be twice put in jeopardy of life or limb." "The Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (citation omitted)(1989).

The Pennsylvania Constitution similarly provides that "No person shall, for the same offense, be twice put in

jeopardy of life or limb...." Pa. Const. Art. I, § 10. Double jeopardy protection under the Pennsylvania Constitution is coextensive with that provided by the United States Constitution. *Commonwealth v. Breeland*, 445 Pa.Super. 147, 158, 664 A.2d 1355, 1361 (1995) (citation omitted) *alloc. den.*, 544 Pa. 600, 674 A.2d 1066 (1996). See also *Commonwealth v. McCane*, 517 Pa. 489, 500, 539 A.2d 340, 346 fn. 5 (1988).

Citing the Supreme Court's holding in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993),[6] our Supreme Court recently recognized that the *Blockburger* [v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] "same elements" test was the sole inquiry when analyzing a double jeopardy challenge. *Commonwealth v. Caufman*, 541 Pa. 299, 303, 662 A.2d 1050, 1052 (1995). This court reaffirmed that holding:

> After reviewing the applicable federal and Pennsylvania caselaw, we agree ... that the *Blockburger* "same elements" test, which was reespoused in *Dixon* as the only inquiry necessary under a federal double jeopardy analysis, is likewise the only inquiry necessary when performing a double jeopardy analysis in Pennsylvania.

*Commonwealth v. Breeland, supra* at 154, 664 A.2d at 1359.

■ The *Blockburger* rule states:

> ... that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger, supra* at 304, 52 S.Ct. at 182. If the two provisions do not contain distinct elements, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. *Dixon, supra* at 696–97, 113 S.Ct. at

---

**6.** Prior to *United States v. Dixon, supra,* in addition to passing the *Blockburger* test, a subsequent prosecution had to satisfy a "same conduct" test to avoid the double jeopardy bar. *Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990). The *Dixon* court overruled the use of the *Grady* test and in its place reinstated the *Blockburger* test.

2856, 125 L.Ed.2d at 568. This Court has explained the application of *Blockburger*.

> *Blockburger* compares the statutory elements of the charged offenses to determine whether they are either identical or one is a lesser included offense of the other. If each statutory provision requires proof of an additional fact which the other does not, they are not the "same offense" under *Blockburger* and as such the prosecution survives ... the inquiry.

*Commonwealth v. Yingling*, 407 Pa.Super. 151, 154, 595 A.2d 169, 171 (1991) *alloc. den.*, 530 Pa. 665, 610 A.2d 45 (1992).

 These holdings under the Federal and Commonwealth Constitutions make the resolution of this issue straight forward.[7] Before appellant can avail himself of the Double Jeopardy Clause's protection against multiple punishments, he must first show that the two statutory provisions under which he has been charged do not each require proof of a fact that the other does not. Otherwise, Double Jeopardy does not attach, the successive prosecution is not barred, and the multiple punishment issue is moot.

Appellant has been charged under two sections of the Vehicle Code.[8] Section 1547(b) provides that in order for the Department of Transportation to suspend the driving privileges of the licensee, the Department must prove that the licensee 1) was arrested for driving under the influence of alcohol; 2) was asked to submit to chemical testing; 3) refused to submit to such testing; and, 4) was specifically warned that

---

7. Appellant also points to *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), to suggest that *Blockburger* is no longer relevant. *Kurth Ranch* did not overrule *Blockburger* and the Court has not extended it beyond its facts (dangerous drug tax imposed only after conviction for specific crime of possession and successful forfeiture proceeding is punishment for double jeopardy purposes when imposed on property individual no longer possesses due to confiscation and destruction and amount of tax is approximately eight times the value of the drugs). The Court has also recently noted the authority of *Blockburger* in both the multiple punishment and multiple prosecution contexts. *Witte v. U.S.*, —— U.S. ——, ——, 115 S.Ct. 2199, ——, 132 L.Ed.2d 351 (1995).

8. Act of June 17, 1976, P.L. 162 No. 81, § 1 *et seq.*

a refusal would result in the revocation of his driver's license. 75 Pa.C.S. § 1547(b). Section 3731(a)(1) provides that in order to sustain a conviction for driving under the influence of alcohol, the prosecution must prove that the defendant was driving, operating, or in actual physical control of an automobile; and, 2) that the defendant was under the influence of alcohol to a degree which rendered him incapable of safe driving. 75 Pa.C.S. 3731(a)(1).

Clearly, the elements of these two offenses are not the same; one is not a lesser included offense of the other; and, each requires proof of a fact or facts which the other does not. To suspend appellant's license PennDot was required to prove that he was asked to submit to blood testing, refused to do so, and was warned that a one-year suspension of his license was the consequence of refusing. Prosecution of the driving under the influence charge requires proof of none of these facts; instead, it requires proof that appellant was in physical control of his automobile and was under the influence of alcohol to the requisite degree. Neither of these facts was required to make out the civil offense.

The two statutory offenses with which appellant has been charged are separate violations of the Vehicle Code which require proof of different elements. Under the *Blockburger* test they are separate offenses and do not implicate the constitutional prohibitions against double jeopardy. Thus, the suspension of the appellant's driver's license for refusing to submit to a blood test does not bar his subsequent prosecution for driving a motor vehicle while under the influence of alcohol. In light of this holding, we need not reach the issue of whether a license suspension for refusal to submit to a blood test constitutes punishment. However, even if we were to address that issue, our inquiry would be governed by the recent decision in *Commonwealth v. Wolfe*, 454 Pa.Super. 93, 684 A.2d 642 (1996), which held that suspension of a driver's license for refusal to submit to chemical testing does not constitute punishment for purposes of double jeopardy.

CONCLUSION:

We have reviewed and find meritless appellant's claim that his prosecution for driving under the influence subsequent to the one-year suspension of his driver's license for refusing to submit to a blood alcohol test is prohibited under the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions.

Consequently, the order of the Court of Common Pleas of Cumberland County is affirmed, and we remand this case to that court for further proceedings. Jurisdiction relinquished.