447 A.2d 612

COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony MURRY, Appellant.

Supreme Court of Pennsylvania.

Argued April 19, 1982.

Decided July 12, 1982.

Vincent J. Ziccardi, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Steven Cooperstein, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice.

This is an appeal from an order of the Honorable Paul Ribner of the Court of Common Pleas of Philadelphia, denying the motion of appellant, Anthony Murry,[1] for dismissal on double jeopardy grounds, of charges of murder, robbery, conspiracy, and possession of an instrument of crime. We affirm.[2]

1. Appellant's name also appears as "Anthony Murray" at some points in the record.

2. Jurisdiction is vested in this Court pursuant to our decision in *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), in which we held that pre-trial orders denying double jeopardy claims are final, appealable orders. *See also, Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1971); *Commonwealth v. Santiago*, 492 Pa. 297, 424 A.2d 870 (1981); 42 Pa.C.S.A. § 722(1) (vesting

Appellant had been tried for these offenses before a jury; which began its deliberations at 11:29 A.M. on March 27, 1980.[3] The jury deliberated throughout the day, at one point returning to the courtroom for clarification of the different degrees of murder. The jurors retired for the evening, and, after resuming deliberations on the morning of March 28, 1980, returned to the courtroom at 12:12 P.M. to inform the court that they had failed to reach agreement upon a verdict. The foreman indicated, however, that an agreement might be attainable if the court would explain whether all four bills of information required identical verdicts. After requested explanation was given, the jury resumed deliberations at 12:35 P.M. The jury reentered the courtroom at 2:52 P.M. and delivered the following written message to the court:

> Your Honor, this jury cannot reach a unanimous decision on any of the four bills of information. After much deliberation, the jury feels *that there is no possible way we will be able to reach any unanimous decisions on any of the four listed bills of information.*

Notes of Testimony at 12.14 (emphasis supplied). The court responded that the jury had not yet deliberated for an undue amount of time, and, at 2:59 P.M., dispatched the jury to once again try to reach agreement on a verdict. At 3:45 P.M. the jury again returned to the courtroom and delivered to the court a second note:

> Your Honor, it is the unanimous opinion and decision of this jury that the information as presented by both defense counsel and the Assistant District Attorney is insufficient. *Therefore, we are unable to reach any unanimous*

exclusive jurisdiction in this Court over matters prescribed by general rule); Pa.R.A.P. 311(a)(5).

This opinion was reassigned to the writer on May 18, 1982.

**3.** This trial was actually appellant's second. Appellant was granted a mistrial in the first proceeding on these charges after a witness inadvertently referred to appellant's lie detector test. A motion to dismiss based upon double jeopardy grounds was filed and denied by the Honorable Theodore B. Smith on March 19, 1980. A new trial then commenced, again before Judge Smith sitting with a jury.

*decision on any of the four bills of information as presented.*

This jury has deliberated!  Each member of this jury has been given maximum opportunities to express his/her individual opinions with utmost respect.  *We are still and will continue to be at an impasse.*

Notes of Testimony at 12.17–12.18 (emphasis supplied).  The court inquired of each juror individually whether he or she agreed that there was a hopeless deadlock, and each answered in the affirmative.  Appellant's counsel then requested that the jury be instructed that, if the jurors found the information insufficient, they should find appellant not guilty.  Judge Smith expressed his view that no further instructions were required, in light of the jury's note, and denied appellant's request.  The judge reluctantly granted a mistrial on his own motion.

Appellant now claims that retrial would violate his right against twice being placed in jeopardy because the trial court failed to question the jury on the meaning of the last note it sent to the court.  Without such questioning, appellant appears to argue, no manifest necessity justified the *sua sponte* declaration of a mistrial and double jeopardy thus bars a new trial.  This contention is utterly meritless, however, because the jury's statement clearly shows that it was hopelessly deadlocked.  The mistrial declaration was, therefore, manifestly necessary.

It is well-settled that the grant of a mistrial must be manifestly necessary in order to avoid the bar of double jeopardy on retrial.  *Arizona v. Washington*, 434 U.S. 497, 509–10, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978); *Commonwealth v. Santiago*, 492 Pa. 297, 301, 424 A.2d 870, 872 (1981); *Commonwealth v. Sullivan*, 484 Pa. 130, 133, 398 A.2d 978, 979 (1979); *Commonwealth v. Bartolomucci*, 468 Pa. 338, 345, 362 A.2d 234, 238 (1976).  Our cases leave no doubt however, that manifest necessity justifies discharge of a jury, when it appears that there is no reasonable probability of agreement on a verdict.  *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); *Wade*

v. *Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949); *Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978); *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Bartolomucci*, 468 Pa. 338, 362 A.2d 234; *Commonwealth v. Brown*, 451 Pa. 395, 301 A.2d 876 (1973). *See also, Commonwealth v. Santiago*, 492 Pa. at 303, 424 A.2d at 872; *Commonwealth v. Monte*, 459 Pa. 495, 329 A.2d 836 (1974); Standard 15–5.4(c) of the American Bar Association Standards Relating to the Administration of Criminal Justice, Trial by Jury (2d ed. Approved Draft 1978).

■ Under the instant circumstances, the jury's written and oral statements to the court admit of no reasonable interpretation other than that the jury was at an impasse, hopelessly deadlocked and unable to reach a verdict. The jury in this case deliberated for more than six hours on March 27, 1980, and then for a like amount of time the following day. The jurors sent the judge a note stating that they believed that there was no possibility that they would reach a unanimous verdict on any bill of information. After another forty-six minutes of deliberation, upon instructions from the trial court, the jurors again emphatically told the court that a unanimous decision could not be reached.

Conscious of the fact that the juror's notes were written by laymen and viewing the notes in the context of the entire proceedings, we find it clear that the jury's reference to the information presented by both sides being "insufficient" is simply a further explanation that the jurors were, in fact, "at an impasse." [4] The terms of the jury's notes do nothing to refute the trial court's conclusion that a unanimous verdict was not possible. The court's communications with the jury, including the individual inquiries made of every

4. There is no indication whatsoever in the record that the jurors misunderstood the allocation of the burden of proof at trial. The trial court clearly and properly instructed the jury as to appellant's presumption of innocence, Notes of Testimony at 11.14, and as to the Commonwealth's burden of proof beyond a reasonable doubt of every element of each charge. Notes of Testimony at 11.13, 11.14, 11.19, 11.21, 11.28, 11.32, 11.36, 11.37, 11.38, 11.56, 11.57.

juror, left the court with every reason to believe that further deliberations would have been futile. The court, therefore, quite properly discharged the jury. The discharge having been required by manifest necessity, a new trial is not barred.

Accordingly, the order of the lower court is affirmed.

FLAHERTY, J., files a dissenting opinion in which O'BRIEN, C. J., and ROBERTS, J., join.

FLAHERTY, Justice, dissenting.

Appellant's sole contention is that the jury's second written message to the court was susceptible to an interpretation that the jury unanimously possessed reasonable doubt as to appellant's guilt, and that it was error to have granted a mistrial without first clarifying the jury's intended meaning. Specifically, the jury's statement that "it is the unanimous opinion and decision of this jury that the information as presented by both defense counsel and the Assistant District Attorney is insufficient" entitled appellant to the requested instruction that a verdict of not guilty should be entered if the jury unanimously agreed that the Commonwealth presented insufficient evidence to prove guilt beyond a reasonable doubt.[1]

I believe that the trial court properly denied the requested instruction, but that the declaration of a mistrial was not warranted. Although appellant merely argues that the pronouncement of the jury, expressed in the second written message to the court, is *susceptible* to the interpretation that the jurors unanimously regarded appellant as not guilty, it is clear that the message can be interpreted in no other way than to indicate that appellant was found not guilty. The jury's statement that "it is the *unanimous* opinion and

1. Prior to the jury's *initial* commencement of deliberations, the court did instruct as to the meaning of reasonable doubt, the need for a unanimous verdict, and the burden of proof.

*decision* of this jury that the information as presented by ... the Assistant District Attorney is insufficient" (emphasis added) is susceptible only to the interpretation that the jury unanimously decided that the prosecution did not satisfy its burden of proof. Although the jury did not expressly label its "decision" a "verdict," it did, nevertheless, decide the question that it had been called upon to decide: whether the prosecution had presented sufficient evidence to prove guilt beyond a reasonable doubt. Had the jury merely announced, without elaboration, that it had been unable to reach a verdict, declaration of a mistrial would have been in order. In the present case, however, the jury went much further than to decline to announce *what it regarded* as an express "verdict". Rather, by setting forth a decision upon the fundamental issue in the criminal trial, i.e., sufficiency of the Commonwealth's evidence, the jury, in effect, found appellant not guilty. The fact that the jury also regarded the evidence presented by defense counsel as insufficient is of no significance, since the defense in a criminal proceeding, having the benefit of the presumption of innocence, has no affirmative duty to present evidence of innocence.

After announcement of the jury's decision that the Commonwealth failed to meet its burden of proof, issuance by the court of a further instruction to the jury to secure an express "verdict" would have created a risk that the jury, given the opportunity to deliberate once again, might return a verdict of guilt. This, after the jury's in effect having declared appellant not guilty, would in itself have exposed appellant to double jeopardy.

Irrespective of the reasons that may have resulted in the jury's being at an impasse to reach what the jury regarded as a unanimous "verdict", it did effectively determine the inadequacy of the Commonwealth's evidence to prove guilt, a determination which was the exact equivalent of a verdict of not guilty. Thus, having once been found not guilty of the instant charges, appellant would suffer a violation of his

Fifth Amendment rights were he again to be placed in jeopardy by once more being tried upon the same charges.

O'BRIEN, C. J., and ROBERTS, J., join this dissenting opinion.