602 A.2d 345

**COMMONWEALTH of Pennsylvania**

v.

**Richard WALLACE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1991.

Filed Jan. 15, 1992.

Howard H. Brown, Upper Darby, for appellant.

Thomas J. Wagner, Asst. Dist. Atty., West Chester, for Com., appellee.

Before McEWEN, POPOVICH and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from an order denying appellant's pretrial motion to dismiss all charges. Appellant raises two issues for disposition, one, whether appellant waived the defense of collateral estoppel by requesting a severance of one count from several others, and two, whether collateral estoppel precludes prosecution on the severed charge after he was acquitted of all charges in the preceding trial. We reverse.

Appellant was arrested on April 30, 1990, and charged with a variety of offenses including attempted homicide, assault charges and firearm offenses. All charges arose out of a single episode which occurred on April 22, 1990. Although there were competing versions of the episode it was alleged that appellant was driving a vehicle in a rapid fashion and approached the complainant's vehicle. Complainant moved his vehicle into the right hand lane at which time appellant sped by him while making obscene gestures. Appellant then allegedly slowed his vehicle which enabled the complainant to catch up and pass appellant. As complainant passed appellant, appellant allegedly had words with complainant's nephew and son who were also in the vehicle. Appellant then allegedly drove in front of complainant and cut him off, forcing him to stop his vehicle. Complainant got out of the vehicle and asked what was the problem at which time appellant allegedly brandished a chrome revolver and fired one shot at complainant. Appellant then got back into his vehicle and sped off at which time complainant followed until he was able to get appel-

lant's license number. A statement garnered from appellant was quite contrary to that of complainant's. Appellant indicated that he was driving down the road when the complainant cut in front of him and made an obscene gesture. The van stopped and appellant stopped also. Words were exchanged after which appellant got into his car and left. The van followed appellant for some time. Appellant denied even having a gun.

Because appellant had a previous conviction many years ago he was charged with firearm offenses for both carrying a firearm without a license and one preventing a former convict from owning a firearm. Because defense counsel did not wish a jury to know that appellant had been previously convicted, which disclosure would have been necessary to prove the one weapons offense, counsel requested that that charge be severed and tried separately. This request was granted and appellant went to trial on the other charges. After a jury trial on the other charges appellant was acquitted of all charges. Subsequently, the Commonwealth notified appellant that the remaining charge would be tried. Appellant responded by filing a omnibus pretrial motion for dismissal based upon collateral estoppel. Appellant's contention was that the acquittal on the previous charges precluded trial on the remaining charge which arose from the same incident. The trial court denied and dismissed the motion indicating a belief that the defense of collateral estoppel had been waived by virtue of the granting of the severance request. This appeal followed.

■ We agree with appellant that the mere granting of his request for severance cannot work to waive the protection of collateral estoppel. In arriving at its conclusion, the trial court examined cases involving double jeopardy challenges which were defeated because the claim had, in effect, been produced by the defendant's own actions in requesting a severance. However, it is clear to us that the trial court has given these cases an overbroad reading. For instance, the trial court points to language from *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975),

regarding waiver, by virtue of a request for severance of charges, of a statutory right to have all charges tried in a single proceeding to support the conclusion that appellant has waived his claim of collateral estoppel. There we stated:

> It is apparent that a defendant who is aware of the charges against him can thus waive his statutory right to have them all brought in a single prosecution. If he himself requests separate trials and obtains a court order to that effect, or if he knowingly acquiesces in what appears to be an advantageous separation, he cannot later raise an objection claiming statutory protection from multiple trials.

*Id.*, 232 Pa.Superior Ct. at 142–143, 335 A.2d at 497. The trial court then cites to *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) to indicate that the same rule applies to the constitutional double jeopardy protections. In *Jeffers*, the petitioner was one of several defendants who jointly opposed the governments motion to try two charges together in one trial. The motion was denied. When the government attempted to try the petitioner on the second charge he objected on double jeopardy grounds. Petitioner's motion to dismiss was denied and he was tried and convicted, which conviction he appealed. In affirming the conviction the United States Supreme Court stated: "although a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." 432 U.S. at 152, 97 S.Ct. at 2217. The trial court also cites to other cases from various jurisdictions making the same holding and expressing the same general comments.

The above cases clearly stand for the proposition that an accused cannot demand, or, perhaps, acquiesce in, a separation of charges then complain, when prosecution on the severed charge is imminent, that the Commonwealth is precluded from trying him on that charge because of the

accused's right to have all charges against him tried together. We are in full agreement with this proposition and are convinced that it is an accurate statement of the law.

Appellant, however, is not asserting here, having requested the severance, that the remaining charge cannot now be prosecuted because the Commonwealth was required to try all charges together. This would be a claim of a double jeopardy violation that has clearly been forfeited by the request for a severance. His assertion is that the jury's verdict in the first case precludes trial on the remaining charge because the verdict of the jury represents a factual finding that defeats the viability of the remaining charge. This is an altogether different claim that just happens to have been found encompassed within the double jeopardy protections. Although one of the protections afforded by the double jeopardy clause, it is also an entirely different proposition than the one above.

The doctrine of collateral estoppel prevents relitigation between parties of an issue where that issue has been previously decided by a competent legal forum. The doctrine is applicable to criminal prosecutions as well as to civil matters. Indeed, the doctrine of collateral estoppel was deemed to be a constitutional protection somewhat loosely embodied by the double jeopardy protection of the federal constitution. In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the United States Supreme Court considered a case involving the robbery of six poker players. The petitioner was one of four men charged with the robberies and was brought to trial on a single count of robbery of one of the men. However, the prosecution's witnesses were not clear as to whether there were four robbers or only three, and none of the victims could positively identify the petitioner as one of the perpetrators. The jury acquitted the petitioner but, undaunted, the State brought the petitioner to trial for robbery of one of the other players. This time, however, the State's case was decidedly stronger. Witnesses who could not identify the petitioner the first time were able to do so in the second

trial. Further, a prosecution witness whose identification testimony had been negative the first time was not called in the second trial. This time the petitioner was convicted and sentenced to a 35 year term of imprisonment. The petitioner appealed claiming a violation of double jeopardy. Eventually the case was argued before the United States Supreme Court. In discussing the doctrine of collateral estoppel as an incidental protection of the double jeopardy clause, the Court said:

> The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again.

397 U.S. at 446, 90 S.Ct. at 1195. The Court concluded that the second trial was a violation of a collateral estoppel aspect of the double jeopardy clause. Essential to the decision was the fact that the jury had found, in effect by its verdict, that petitioner was not one of the robbers. (Or at least that the State had not proven him to be beyond a reasonable doubt.) If that was the case, then the petitioner could not be convicted of robbery of one of the other victims without disregarding the factual finding made in the first prosecution.

Acknowledging that the double jeopardy clause would not allow the State a second trial for the robbery of the same victim in hopes that a different jury might find the evidence more convincing, the Court found the trial for robbery of one of the other victims constitutionally no different. "For the name of the victim, in the circumstances of this case, had no bearing whatever upon the issue of whether the petitioner was one of the robbers." Id., 397 U.S. at 446, 90 S.Ct. at 1196.

 As stated above, collateral estoppel is but one protection afforded by the double jeopardy clause. There are many aspects of that clause and many separate and different protections, the two most prominent being the protection against multiple punishment and the protection against multiple trials. It is the latter protection which was at issue in the cases cited by the Commonwealth and the trial court. Generally speaking, this particular protection will often require the government to prosecute, in a single proceeding, all charges they wish the defendant to be tried upon based upon a common particular factual scenario. (See, *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) for explanation of what constitutes the same offense for multiple prosecution purposes.) In effect, this protection will prevent the defendant from standing trial, for charges based upon the same criminal conduct, more than one time. If, however, the defendant himself demands the charges be tried separately, or opposes trial of the charges together, he cannot turn around and claim that the second trial is barred for failure to try them all together.

However, there has been no authority advanced to support a proposition that waiver of one protection or aspect of the double jeopardy clause will act to waive the other protections embodied within the clause, and we are unconvinced that there exists any sound logical reason for support of that proposition. For instance, the double jeopardy clause also has been found to encompass a bar to a retrial after a mistrial that is not supported by manifest necessity. *U.S. v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), *Commonwealth v. Murry*, 498 Pa. 504, 447 A.2d 612 (1982). Would the Commonwealth argue that when a defendant requests a severance, thus "waiving" a double jeopardy claim, it would be free to cause a mistrial if it did not like the way a trial was going and be free from a double jeopardy challenge? We hope not. The two protections, although encompassed within the broad scope of double jeopardy protections, are quite different and there is no

reason to conclude that a request for a severance would act to waive the mistrial protections. Thus, although appellant certainly waived his right to complain that the severed charge should have been tried in the first trial, there is no reason to conclude that the other protections, collateral estoppel included, were likewise waived.

The charge regarding former convicts not to own weapons was severed from the other charges in an effort to prevent the jury from being prejudiced by knowledge that appellant had, at one time, been convicted of a crime. However, if we can conclude from the jury's verdict that it would have found appellant not guilty of the severed charge had it been submitted with the others and the jury had remained unprejudiced, it would seem to be a severe injustice to allow the Commonwealth another chance to convict appellant in a second trial simply because that charge was severed in order to insure an unprejudiced jury. This is the major premise that can be gleaned from *Ashe v. Swenson, supra,* that the defendant is entitled to the favorable jury finding having run the gauntlet in the previous proceeding, and having faced the real possibility of criminal punishment.

We next must determine whether or not, in fact, the doctrine of collateral estoppel precludes prosecution of the severed charge.[1] Fortunately, this task is made rather easy by the Commonwealth's own assertion. In argument on this precise issue, the following exchange took place:

Mr. Wagner: (For the Commonwealth) I agree with Mr. Brown that under the principles as stated in *"Ash versus Swenson,"* (sic) that it would appear that this jury determined that the defendant did not have a gun or they

1. To determine if collateral estoppel applies from a general verdict of acquittal, the court must examine the record from the prior proceeding, taking into account the pleadings, evidence, charge and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than the one the defendant is seeking to foreclose from consideration. The inquiry must be set in a practical frame and viewed with an eye toward all of the circumstances. *Ashe v. Swenson, supra. Commonwealth v. Schomaker,* 501 Pa. 404, 461 A.2d 1220 (1983).

weren't convinced beyond reasonable doubt that he had a gun.

. . . . .

Because there was no real contention at trial that he did not have a license to carry the gun. Now—

The Court: In fact, Mr. Brown said that he didn't have a license to carry the gun.

Mr. Wagner: Exactly.

The Court: He not only stood up during the trial, but in closing argument, said, "We agree he didn't have a license."

Mr. Wagner: And I agree with that 100 percent. The question then is this. . . . does double jeopardy bar a trial of a count that was severed from the original count or from the original trial at the request of the defendant?

The answer to the prosecutor's question is this, no, if the double jeopardy claim lodged is that all charges were required to be tried in a single proceeding, the so-called multiple prosecution protection, this protection was clearly forfeited by the request for separate trials; but, yes, if one of the other protections is applicable and is meritorious. In this case the collateral estoppel protection has been raised and is, from all appearances, meritorious. Thus, the contemplated prosecution is offensive to the double jeopardy clause as interpreted by the United States Supreme Court and cannot take place.

For the above reasons, the order appealed from is reversed. The motion to dismiss should have been granted.

Order reversed.

McEWEN, J. files a concurring statement.

POPOVICH, J. concurs in the result.

McEWEN, Judge, concurring.

Since I have such respect for the insight of my colleagues who compose the majority, I hasten to declare that I join them in the order which reverses the ruling of the trial

court. I am not convinced, however, that we need here proceed to so extended an illumination of the issues as provided by the majority. Thus it is that I simply observe that I agree that the appellant cannot be found to have effected a waiver of his right to raise the bar of collateral estoppel simply because he requested and was granted a severance. I also share the view that the Commonwealth is barred, by principles of collateral estoppel, from relitigating the common issue of ultimate fact essential to appellant's previous acquittal, namely, whether appellant was in possession of a firearm on April 22, 1990.

> *Ashe* established that once an accused has been acquitted, a state cannot prosecute him a second time for a related offense having a common issue of ultimate fact essential to conviction which the previous acquittal had determined in his favor. *See,* e.g., *Commonwealth v. Peluso,* 481 Pa. 641, 393 A.2d 344 (1978); *Commonwealth v. Klinger,* 264 Pa.Super. 21, 398 A.2d 1036 (1979).

*Commonwealth v. Harris,* 400 Pa.Super. 12, 18, 582 A.2d 1319, 1322 (1990). *Cf: Commonwealth v. Smith,* 518 Pa. 15, 27–29, 540 A.2d 246, 252–253 (1988). Thus it is that I would preclude the Commonwealth from further prosecution of appellant.