J-S68033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN W. SIMINICK, | : | |
| | : | |
| Appellant | : | No. 320 WDA 2016 |

Appeal from the Order February 5, 2016,
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0000416-2015

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN W. SIMINICK, | : | |
| | : | |
| Appellant | : | No. 487 WDA 2016 |

Appeal from the Judgment of Sentence March 4, 2016,
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0000416-2015

BEFORE:   SHOGAN, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 17, 2016**

In these consolidated appeals, Glenn W. Siminick (Appellant) challenges his conviction for the summary offense of defiant trespass.[1]  We affirm.

---

[1] Appellant purports to appeal from the orders entered on February 5, 2016 and March 9, 2016, which denied his post-trial and post-sentence motions,

*Retired Senior Judge assigned to the Superior Court.

On December 18, 2014, Appellant was charged at CP-43-CR-0000416-2015 (416-2015) with defiant trespass, graded as a third-degree misdemeanor, stemming from an incident that occurred on September 10, 2014, when Appellant was accused of being present unlawfully on the grounds of Buhl Park in Hermitage, Mercer County. Appellant was also charged with misdemeanor defiant trespass at CP-43-CR-0000415-2015 (415-2015), with respect to an identical incident that occurred on October 6, 2014.

Both cases proceeded to separate non-jury trials, which were heard on January 25, 2016. Case number 415-2015 was heard in the morning. Following the presentation of the Commonwealth's case-in-chief, Appellant moved for judgment of acquittal, which was granted. Trial Court Opinion, 5/3/2016, at 2. Shortly thereafter, the trial court heard testimony on case number 416-2015. At the close of evidence in that trial, the trial court found Appellant guilty of defiant trespass, graded as a summary offense.

---

respectively. It is well-settled that "an appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. Preacher*, 827 A.2d 1235, 1236 (Pa. Super. 2003) (citation omitted). Accordingly, we quash as improperly filed the appeal from the February 5, 2016 order denying Appellant's written post-sentence motion, docketed at 320 WDA 2016. Because the issues raised in that appeal are identical to those raised in the appeal docketed at 487 WDA 2016, such quashal does not affect our examination of Appellant's substantive claims. Further, we have changed the caption of the appeal docketed at 487 WDA 2016 to comply with *Preacher*.

On March 4, 2016, Appellant was sentenced to a 90-day period of unsupervised probation, plus costs. On March 8, 2016, Appellant filed a post-sentence motion, which was denied on March 9, 2016. This timely-filed appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises two issues for our review.

1. Whether the Commonwealth should have been collaterally estopped from re-litigating the notice issue in a second trial after a final order was entered on that specific issue in the first trial.

2. Whether the evidence adduced at trial was insufficient as a matter of law to convict [Appellant] of the charge for which he was found guilty.

Appellant's Brief at 9 (unnecessary capitalization omitted).

Appellant's first issue, regarding collateral estoppel, "is a pure question of law. Therefore, our standard of review is *de novo,* and our scope of review is plenary." ***Commonwealth v. Barger***, 956 A.2d 458, 461 (Pa. Super. 2008) (citation omitted).

In order to understand Appellant's argument on appeal, we provide the following by way of background. At Appellant's first trial on January 25, 2015, case number 415-2015, the Commonwealth proffered the testimony Daniel Davis, Esquire, an assistant district attorney, who was present at a prior court proceeding when Appellant was "told by Judge Fagley that he was not to be in Buhl Park and [Appellant] acknowledged that he was not allowed

to be in Buhl Park." N.T., 1/25/2016 (morning), at 4. However, the trial court sustained Appellant's objection to Attorney Davis' testimony as inadmissible hearsay. *Id.* at 13. The Commonwealth then called two more witnesses, Debra Fait, a part-time grant writer for Buhl Park who testified that she called the police to report Appellant's presence in the park on October 6, 2014, and responding Hermitage Police Officer James Thomas Rogerson. *Id.* at 15-40. At the conclusion of the Commonwealth's testimony, Appellant moved for judgment of acquittal and the following exchange occurred.

> [APPELLANT'S COUNSEL]: For defiant trespass, Your Honor, it is required that my client had notice that he was not supposed to be in the area where he is alleged to have been. There has been nothing shown today that my client actually had that notice, nothing in writing. There was no testimony presented today that anybody orally told him that he wasn't allowed to be there he said he supposedly was. [*sic*] So he didn't have the requisite notice. Therefore, he cannot be a defiant trespasser.
>
> THE COURT: Well, you're partially correct. His own words incriminate himself where he admits [to Officer Rogerson] that he knew he was not allowed to trespass. So, he had notice. The problem is the statute that they cite him with, the specific subsection, requires actual communication to the actor.[2] That is what we don't have.

*Id.* at 40-41.

---

[2] The statute at issue states "[a] person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by … actual communication to the actor." 18 Pa.C.S. § 3503(b)(1)(i).

Accordingly, the trial court granted Appellant's motion, acknowledging that the Commonwealth "ha[d] not presented any evidence that notice not to trespass was given to [Appellant] by actual communication." *Id.* at 41.

Later that afternoon, the court heard testimony with respect to case number 416-2015, which involved an alleged instance of trespass at Buhl Park on September 10, 2014. Prior to trial, Appellant's counsel raised the collateral estoppel argument advanced herein and moved for judgment of acquittal. N.T., 1/25/2016 (afternoon), at 3-6. The trial court denied the motion. *Id.* at 5-6. The Commonwealth then presented the testimony of William A. Watson, Assistant Chief Park Ranger, who testified that, in June of 2013, he personally told Appellant he was not permitted in Buhl Park; Charles Mehalko, director of safety and security at Buhl Park, who testified that he was instructed to write a report each time he observed Appellant in the park and those reports were eventually turned over to the Board of Trustees who sent a letter to Appellant banning him from the park; and Jeffrey Paul, a maintenance employee and part-time park ranger, who testified that, per his employer's instructions, he reported to his supervisor Appellant's presence in the park on September 10, 2014. *Id.* at 49-92. Appellant's motion for judgment of acquittal was denied, *id.* at 92-93, and Appellant then testified in his own defense and denied being in the park on September 10, 2014, *id*. at 96-97. At the conclusion of trial, the court

found Appellant guilty of a summary offense, finding that Appellant "knew that he shouldn't be in the park on that day in September and that the only way he could have known was by some form of actual communication," although there was no proof that communication came from the owner of the park. *Id.* at 112-13.

Appellant argues that trial court erred in denying his motion for judgment of acquittal because the Commonwealth was collaterally estopped from litigating the second defiant trespass case.

> The doctrine of collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy, which was made applicable to the states through the Fourteenth Amendment. The phrase "collateral estoppel," also known as "issue preclusion," simply means that when an issue of law, evidentiary fact, or ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit. Collateral estoppel does not automatically bar a subsequent prosecution, but rather, it bars redetermination in a second prosecution of those issues *necessarily* determined between the parties in a first proceeding that has become a final judgment.
>
> Traditionally, Pennsylvania courts have applied the collateral estoppel doctrine only if the following threshold requirements are met: 1) the issues in the two actions are sufficiently similar and sufficiently material to justify invoking the doctrine; 2) the issue was actually litigated in the first action; and 3) a final judgment on the specific issue in question was issued in the first action. An issue is actually litigated when it is properly raised, submitted for determination, and then actually determined. For collateral estoppel purposes, a final judgment includes any prior adjudication of an issue in another action that is sufficiently firm to be accorded conclusive effect.

- 6 -

*Commonwealth v. Holder*, 805 A.2d 499, 502–03 (Pa. 2002) (citations and footnotes omitted; emphasis in original).

As our Supreme Court has explained,

In the criminal law arena, the difficulty in applying collateral estoppel typically lies in deciding whether or to what extent an acquittal can be interpreted in a manner that affects future proceedings, that is, whether it reflects a definitive finding respecting a material element of the prosecution's subsequent case. We ask whether the fact-finder, in rendering an acquittal in a prior proceeding, could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. If the verdict must have been based on resolution of an issue in a manner favorable to the defendant with respect to a remaining charge, the Commonwealth is precluded from attempting to relitigate that issue in an effort to resolve it in a contrary way. *See Commonwealth v. Zimmerman*,[] 445 A.2d 92, 96 ([Pa.] 1981) (acquittal on simple assault precluded retrial on hung murder charges because simple assault was a constituent element of all grades of homicide in the case); *Commonwealth v. Wallace*, [] 602 A.2d 345, 349-50 ([Pa. Super.] 1992) (Commonwealth's concession that the jury's acquittal meant appellant did not possess a gun collaterally estopped Commonwealth from any subsequent prosecution based on appellant's possession of a gun); *Commonwealth v. Klinger*, [] 398 A.2d 1036, 1041 ([Pa. Super.] 1979) (appellant's acquittal on murder precluded the Commonwealth from bringing a subsequent perjury prosecution based on appellant's trial testimony that he did not kill the victim), *aff'd. sub nom. Commonwealth v. Hude*, [] 425 A.2d 313 ([Pa.] 1980).

Conversely, where an acquittal cannot be definitively interpreted as resolving an issue in favor of the defendant with respect to a remaining charge, the Commonwealth is free to commence with trial as it wishes. *See* [*Commonwealth v.*] *Buffington*, 828 A.2d [1024,] 1033 [(Pa. 2003)] (acquittal of rape and IDSI did not establish that Commonwealth failed to prove an essential element of sexual assault); [*Commonwealth v.*] *Smith*, 540 A.2d [246,] 253-54 [(Pa. 1988)] (acquittal of

- 7 -

gun possession charge did not collaterally estop Commonwealth from proceeding on charges of murder and possession of an instrument of crime, as acquittal could have been based on any number of reasons); *Commonwealth v. Harris*, [], 582 A.2d 1319, 1323 ([Pa. Super.] 1990) (robbery acquittal did not preclude retrial on hung charge of aggravated assault), *appeal denied,* [] 597 A.2d 1151 ([Pa.] 1991).

*Commonwealth v. States*, 938 A.2d 1016, 1021-22 (Pa. 2007) (some citations and quotation marks omitted).

Applying the test outlined above, it is clear that the issues in the two trespass cases are sufficiently similar and sufficiently material to justify invoking the doctrine. However, we disagree with Appellant that the other two prongs are met.

In the first trial, the issue was whether the Commonwealth was able to prove beyond a reasonable doubt that Appellant was a defiant trespasser on October 6, 2014. In the second case, the issue was whether Commonwealth was able to prove beyond a reasonable doubt that Appellant was a defiant trespasser a month earlier, on September 10, 2014. While similar, these are two separate issues, and the litigation of the issue raised in the first case has no bearing on the issue raised in the second. Moreover, the court did not make a final judgment as to the issue raised in the second case. Rather, in granting Appellant's motion for judgment of acquittal, the court only found that the Commonwealth had failed to meets its burden of proving defiant trespass with respect to the October 6 incident. In so doing, the court did

not determine that Appellant did not have notice; rather, it held that the Commonwealth failed to prove how that notice was communicated. N.T., 1/25/2016 (morning), at 41 ("[H]e had notice. The problem is the statute that they cite him with, the specific subsection, requires actual communication to the actor. That is what we don't have."). However, this is not dispositive of the issue of whether Appellant had received actual communication a month earlier, or what might have occurred in the ensuing month between the incidents. Accordingly, the doctrine of collateral estoppel does not bar the subsequent prosecution and we conclude that the trial court did not err in denying Appellant's motion for judgment of acquittal.

Appellant next contends that the evidence is insufficient to support his conviction.

> Our Pennsylvania Rules of Appellate Procedure and our case law set forth the well-established requirements for preserving a claim for appellate review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. **Commonwealth v. York,** [] 465 A.2d 1028, 1032 ([Pa. Super.] 1983).

> Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, [] 888 A.2d 775, 780 ([Pa.] 2005) (citation and quotation omitted). **See also** Pa.R.A.P.1925(b)(4)(vii) ("Issues not included in the Statement ... are waived.").

***Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016)

Appellant's Rule 1925(b) statement raises two claims of error: the collateral estoppel argument and a weight-of-the-evidence claim. Accordingly, because he failed to raise his sufficiency-of-the-evidence argument therein, we find it waived. ***Id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016