J-S72002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MANUEL MALDONADO | : | |
| | : | |
| Appellant | : | No. 834 MDA 2018 |

Appeal from the Order Entered May 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002550-2017

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                **FILED MAY 13, 2019**

Jose Manuel Maldonado appeals from the May 3, 2018 order denying his motion to dismiss a charge pending against him on the basis of the collateral estoppel aspect of the prohibition against double jeopardy.  As we conclude that the trial court correctly applied the doctrine in question, we affirm.

The present matter concerns an alleged shooting that occurred on April 13, 2017, at the Reading Box Company.  Luis Thomas was there working, driving a forklift, when Appellant arrived, got out of his car and approached Mr. Thomas.  Mr. Thomas and Appellant resumed an argument that had started on April 11, 2017, over a family issue.  Next, Appellant allegedly returned to his car, retrieved a gun, and fired three shots in Mr. Thomas's direction. Mr. Thomas was not injured and Appellant drove away.  Police were summoned.  Upon arrival, officers located a bullet and two casings near the scene.

Appellant was charged with attempted homicide, simple assault, recklessly endangering another person, and two counts of aggravated assault. Shortly before trial, the Commonwealth added one count of possessing instruments of a crime ("PIC") and one violation of the Uniform Firearms Act ("VUFA") (persons not to possess). It was agreed that the VUFA charge would be severed in order to avoid the need to introduce prejudicial evidence of a prior unrelated conviction.

On March 6, 2018, the remaining charges were submitted to a jury and Appellant was acquitted of all six charges. On April 9, 2018, Appellant filed a motion to dismiss the pending VUFA count on the double jeopardy principle of collateral estoppel. A hearing was held and the motion was denied on March 8, 2018. This timely appeal followed.[1]

Appellant asks "whether the Commonwealth should be barred from prosecuting Appellant for the charge of 'Persons not to Possess Firearms' (18 Pa.C.S. § 6105) on the ground of collateral estoppel." Appellant's brief at 3.

---

[1] Our Supreme Court has held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, as long as the motion is not found to be frivolous. **Commonwealth v. Brady**, 508 A.2d 286, 291 (Pa. 1986) (concluding "appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a finding, an appeal may be taken from the denial of the motion."); **accord Commonwealth v. Orie**, 22 A.3d 1021, 1026 (Pa. 2011). Here, the trial court made a written finding that the double jeopardy motion was not frivolous. Trial Court Opinion, 8/15/18, at 3. Therefore, the appeal is properly before us and we will proceed to consider its merits.

Collateral estoppel, as a component of the constitutional protection against double jeopardy, was analyzed in our Supreme Court's decision in ***Commonwealth v. States***, 938 A.2d 1016 (Pa. 2007). Therein, our High Court noted that application of the doctrine of collateral estoppel is a question of law, and thus the standard of review is *de novo* and the scope of review is plenary. The double jeopardy clause is found in both the United States and Pennsylvania constitutions, and the protections afforded by those clauses are coextensive. ***Id***. at 1019. Double jeopardy prohibits successive prosecutions and multiple punishments for the same crime. ***Id***. Thus, double jeopardy rights are defined as, "freedom from the harassment of successive trials and the prohibition against double punishment." ***Id***. (citation omitted).

Collateral estoppel, derived from the double jeopardy protection against being tried twice for the same offense, prohibits "redetermination in a second prosecution of those issues necessarily determined between the parties in a first proceeding which has become a final judgment." ***Id***. at 1020 (citation omitted). The application of this doctrine in the criminal context differs from the civil concept of collateral estoppel. ***Id***. In the criminal setting, collateral estoppel is "intended to enhance the traditional double jeopardy protection and to provide relief from the growing threat of multiple prosecutions." ***Id***. It is applied "with realism and rationality and not applied with the hyper-technical and archaic approach of a 19th century pleading book." ***Id***.

A three-part test derived from ***Ashe v. Swenson***, 397 U.S. 436 (1970), is utilized in applying collateral estoppel in the criminal context:

- 3 -

> 1) an identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;
>
> 2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and
>
> 3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*States*, *supra* at 1021 (quoting *Commonwealth v. Smith*, 540 A.2d 246, 251 (Pa. 1988)).

The critical inquiry is to what extent an acquittal "can be interpreted in a manner that affects future proceedings, that is, whether it reflects a definitive finding respecting a material element of the prosecution's subsequent case." *Id*. (cleaned up). Thus, we focus on whether the factfinder in the previous trial "could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id*. (cleaned up). It is only when "the verdict **must** have been based on resolution of an issue in a manner favorable to the defendant with respect to a remaining charge" that the Commonwealth cannot attempt "to relitigate that issue in an effort to resolve it in a contrary way." *Id*. (emphasis added). "Conversely, where an acquittal cannot be definitively interpreted as resolving an issue in favor of the defendant with respect to a remaining charge, the Commonwealth is free to commence with trial as it wishes." *Id*.

To resolve the question of whether an issue has been decided by a factfinder, we must examine the entire record in a practical manner. *Ashe*, *supra* at 1194. We review the offenses, the evidence, the jury instruction, and any other relevant circumstances to determine whether a "rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id*.

For example, in *States*, the defendant was charged with various offenses in connection with a single vehicle accident. Two occupants of the car died in the accident while the defendant survived the crash. Some offenses were submitted to the jury for its consideration while, at the same trial, the court was tasked with rendering the verdict on a charge of accidents involving death while not properly licensed. Trial focused on the question of whether the defendant or another occupant of the car was the driver. The jury hung on the charges submitted to it, but the trial court acquitted the defendant, concluding that the evidence was insufficient to establish beyond a reasonable doubt that he was driving the car.

The question on appeal was whether the Commonwealth could retry the defendant on the deadlocked charges. Our Supreme Court held that, since the critical finding in the trial court's verdict was that the Commonwealth failed to prove that the defendant was driving the car, the defendant could not be re-prosecuted before a jury on the remaining charges stemming from the traffic accident. In so doing, it analyzed the evidence and concluded that the

trial court's verdict necessarily involved a finding that the Commonwealth failed to establish beyond a reasonable doubt that defendant was driving the car.

Similarly, in **Ashe**, the United States Supreme Court applied the doctrine to preclude a second prosecution. Ashe was charged in six separate criminal proceedings with robbing six men with a gun while they were playing poker together. Two or three other men were involved in perpetrating the crime. The state prosecuted Ashe for one of those robberies, but none of the victims were able to positively identify Ashe as a perpetrator, and Ashe was acquitted. The Supreme Court ruled that Ashe could not be prosecuted for the remaining five robberies since, given the nature of the proof, the first verdict necessarily involved the determination that the prosecution failed to establish beyond a reasonable doubt that Ashe was one of the perpetrators of the armed robbery.

Herein, the trial court concluded that the jury's verdict in connection with PIC did not reflect a definitive finding that Appellant did not possess a weapon. Trial Court Opinion, 8/15/18, at 4. We agree. The elements of PIC are two-fold. The defendant commits that offense if he "possesses any instrument of a crime with the intent to employ it criminally." 18 Pa.C.S. § 907. In light of the evidence submitted at trial, the jury verdict could have been premised upon one of two findings: that Appellant did not possess the

gun, or that, although he possessed the gun, he did not intend to employ it criminally.

The Commonwealth presented evidence that, two days before the shooting, Mr. Thomas had intervened in an altercation involving Appellant, calling him a coward and striking Appellant's vehicle with his hand. N.T. Trial, 3/6/18, at 39-40. Although counsel never explicitly raised a justification defense, he did insinuate that Mr. Thomas swung a hammer at Appellant during the earlier incident. *Id*. at 51. The defense also suggested that on the date of the alleged offense, Mr. Thomas jumped off his forklift to confront Appellant, while swinging at him with something in his hands, before Appellant retrieved his weapon. *Id*. at 56. Given all of the facts and circumstances and the charge herein, the jury's verdict could have been premised upon a finding that Appellant acted justifiably when he fired his gun at Mr. Thomas. Therefore, an acquittal for PIC did not necessarily entail a finding that Appellant did not possess a firearm. As the verdict in this case could have been based upon an issue other than the one that Appellant seeks to foreclose from consideration, the Commonwealth should not be barred from trying Appellant for the VUFA offense at issue.

Appellant's reliance upon our decision in *Commonwealth v. Wallace*, 602 A.2d 345 (Pa.Super. 1992), does not alter this conclusion. In that case, Wallace was charged with attempted homicide, assault, possession of an unlicensed weapon, and possession of a weapon by a prohibited person. The

latter two weapons charges were severed for a bench trial while a jury trial was held on the remaining two crimes. At the jury trial, the two complainants alleged that Wallace brandished and discharged a weapon at them during a road-rage incident. Wallace's version of events was at odds with those of the two purported victims, and, at trial, he specifically denied that he ever had a gun in his possession. The jury acquitted Wallace of attempted homicide and assault. Following the verdict, the Commonwealth conceded on the record that the jury's verdict necessarily reflected a finding that Wallace did not possess a weapon.

The primary issue in **Wallace** was whether the defendant waived his right to invoke collateral estoppel since he sought severance of the weapons charges from the homicide and assault offenses. We rejected the waiver argument. We then summarily concluded that the Commonwealth's admission that the jury found that the defendant did not possess a gun precluded it from attempting to re-litigate the question of whether Wallace did so. The Commonwealth in this matter made no similar concession. Hence, no relief is warranted herein based on **Wallace**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/13/2019

- 8 -